UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JASON LEBBERES<br><br>Defendant | Crim. No. 23-10046-PBS |

## MOTION FOR DETENTION

Because he presents a danger to the community and a risk of flight, the United States moves that the defendant, Jason Lebberes, be detained pending trial.  Specifically:

1. Lebberes presents a significant danger to the community, *see* 18 U.S.C. § 3142(g)(4).

2. There is a rebuttable presumption that no condition or combination of conditions will reasonably assure Lebberes's appearance, where there is probable cause that Lebberes committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, *see* 18 U.S.C. §§ 3142(e)(3)(A), 3142(f)(1)(C);

3. There is a serious risk that Lebberes will flee, *see* 18 U.S.C. § 3142(f)(2)(A).

4. Lebberes is charged with a felony that involves the possession of a firearm, see 18 U.S.C. § 3142(f)(1)(E).

For these reasons, and as discussed further below, the Court should detain Lebberes.

## BACKROUND

On February 23, 2023, a federal grand jury sitting in Boston returned an indictment charging Lebberes with one count of distribution and possession with intent to distribute more

than 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) (Count One); one count of interstate transfer of a firearm, in violation of 18 U.S.C. § 922(a)(5) (Count Two); and one count of transfer of a machinegun, in violation of 18 U.S.C. § 922(o) (Count Three).

On March 1, 2023, Lebberes was arrested in Tuckahoe, New York. He made an initial appearance in the U.S. District Court for the Southern District of New York on that same day. The Honorable Judith C. McCarthy ordered Lebberes detained pending his transfer to this district.

## ARGUMENT

**I.    LEBBERES PRESENTS A SIGNIFICANT DANGER TO THE COMMUNITY**

As an initial matter, the Court should detain Lebberes because his conduct relative to firearms manifests a significant danger to a community. A "persistent involvement with firearms" demonstrates a significant danger to the community. *See United States v. Mubarak*, No. 20-cr-10300-ADB, 2021 WL 242049, at *4 (D. Mass. Jan. 25, 2021). As discussed below, Lebberes trafficked firearms, manufactured firearms, and discharged firearms. The evidence that the government expects to present at the detention hearing is as follows:

Lebberes trafficked firearms. Counts Two and Three of the indictment reflect the transfer of a firearm and a "machinegun," as that term is defined by federal law. With respect to Count Two, the government expects to show that Lebberes transferred a privately manufactured firearm (commonly known as a "ghost gun") in exchange for $650 in Bitcoin. Lebberes shipped this firearm to a confidential source through the U.S. Postal Service. With respect to Count Three, Lebberes transferred a "Glock switch" in exchange for $1,300 in Bitcoin. A "Glock switch" is a machinegun conversion device that toggles the firearm between semi-automatic and automatic firing. The presence of the switch qualifies the firearm as a machine gun. *See* Internet Arms

Trafficking, https://www.atf.gov/our-history/internet-arms-trafficking (May 15, 2020). (describing a Glock switch as "a relatively simple, albeit illegal, device that allows a conventional semi-automatic Glock pistol to function as a fully automatic firearm. The switch is classified as a machine gun under federal law.").

The volume of firearms that Lebberes trafficked is significant. Pursuant to a search warrant issued by the United States District Court for the Southern District of New York, investigators searched Lebberes's residence in Tuckahoe, New York on March 1, 2023. There, investigators discovered a treasure trove of handguns, assault rifles, and ammunition:



In addition, according to text messages that he provided to a confidential source, Lebberes had sold numerous Glock switches to customers in the past.

Lebberes also manufactured firearms. Upon arriving at Lebberes's residence, investigators discovered a 3-D printer actively generating a Glock-style gun frame:



The firearm that forms the basis of Count Two was also assembled by Lebberes. This firearm's components include a slide manufactured by Patmos Arms ("Patmos"), which is a manufacturer of firearm components based in Pennsylvania. Patmos only has one distributor that ships parts to New York: JSD Supply, which is also based in Pennsylvania. In response to a request for records, JSD Supply produced documents showing that Lebberes purchased a Patmos Arms Revelation 43 Slide on December 13, 2022, seven days before he shipped the handgun that forms the basis of Count Two. JSD Supply shipped this component to the Lebberes's address.

Notably, records from JSD Supply show that JSD Supply also shipped Lebberes five other firearm components to the Target Location between August 15, 2022 and December 29, 2022.

Lebberes also discharged firearms. On December 17, 2022, Lebberes transmitted via WhatsApp a video of him discharging a semiautomatic handgun out the window of his car. It is not apparent from the video what (or who), if anything, Lebberes hit, but it is apparent that the operator of the firearm was Lebberes. The video clearly showed a tattoo on the shooter's right hand that appears to be the same as one that appears on Lebberes's right hand. Because Lebberes sells, makes, and shoots firearms, he is a danger to the community.

## II.   THE BAIL REFORM ACT'S REBUTTTABLE PRESUMPTION APPLIES TO THIS CASE

The Court should also detain Lebberes because the Bail Reform Act's rebuttable presumption applies to this case. Lebberes is charged in the Indictment with a violation of the Controlled Substances Act which carries a maximum sentence of life in prison. *See* Indictment, ECF No. 1; 21 U.S.C. § 841(b)(1)(A)(viii). "The return of an indictment is sufficient to fulfill the probable cause prerequisite for the presumption's operation." *United States v. Correia*, 937 F. Supp. 2d 189, 192 (D. Mass. 2013) (citing *United States v. Vargas*, 804 F.2d 157, 163 (1st Cir. 1986)). Accordingly, the presumption applies here.

## III.   LEBBERES IS CHARGED WITH A FIREARMS OFFENSE

Even if the rebuttable presumption did not apply here, detention would still be appropriate here because this case involves a firearm. Courts routinely determine that detention is appropriate where the case involves the possession of a firearm. *See* 18 U.S.C. § 3142(f)(1)(E); *see also, e.g., United States v. Riley*, 322 F. Supp. 3d 242, 243 (D. Mass. 2018) (affirming detention order where defendant was charged with unlawful possession of a firearm). Here, Lebberes is charged with transferring not only a privately manufactured firearm, but also a

machinegun conversion device.  *See* ECF No. 1.  These counts further support an order of detention here.

### IV. RELEASE ON CONDITIONS WOULD GENERATE A RISK OF LEBBERES'S NON-APPEARANCE

Even if the rebuttable presumption did not apply and Lebberes was not charged with a firearms offense, he would still present a risk of non-appearance that cannot be mitigated by conditions of release.  A defendant's risk of flight "increases . . . because the length of potential imprisonment together with the strength of the evidence."  *United States v. Quinones*, 86 F. Supp. 2d 19, 23 (D.P.R. 2000).  Here, Lebberes faces a mandatory minimum sentence of ten years and a maximum sentence of life in prison.  *See* 21 U.S.C. § 841(b)(1)(A)(viii).  Meanwhile, the evidence against him is strong.  As the government expects the evidence to show at the forthcoming detention hearing, Lebberes has shipped over 200 grams of actual methamphetamine to a confidential source using the U.S. mail.  Against the backdrop of the strength of the government's evidence with respect to a minimum mandatory sentence of ten years, Lebberes is a clear risk of flight.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court issue an order of pre-trial order of detention.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney


Date: March 2, 2023          By:     /s/ Evan D. Panich
                                     EVAN D. PANICH
                                     Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

    /s/ Evan D. Panich
    Assistant United States Attorney

Date: March 2, 2023